PHELPS MORTGAGE COMPANY, Appellant, v. BOARD OF EQUALIZATION OF CITY OF OSKALOOSA, Appellee.

Taxation: ASSESSMENT: ESTOPPEL.   Consent by a taxpayer to an assessment in a specified sum will estop him from afterwards complaining of such assessment as too high.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

SATURDAY, FEBRUARY 6, 1892.

APPEAL by the plaintiff from an assessment on moneys and credits for the year 1889.—*Affirmed.*

*Bolton & McCoy* and *John O. Malcom*, for appellant.

*G. B. McFall*, for appellee.

GIVEN, J.—The appellant is a corporation duly organized under the laws of Iowa for the business of making and selling loans, with the principal place of business in the city of Oskaloosa, Iowa. On the first of January, 1889, the assessor of the city assessed the appellant on moneys and credits in the sum of one thousand dollars, with the consent and approval of Mr. Phelps, president, who signed and swore to the statement. The board of equalization posted the appellant, as provided by law, raising the assessment from one thousand dollars, as fixed by the

assessor, to thirteen thousand dollars. Mr. Phelps appeared before the board, and protested against the assessment of thirteen thousand. dollars, and asked that it be reduced to one thousand dollars, upon which application the assessment was reduced to six thousand dollars, from which the appellant appealed to the district court, where, after full trial, it was reduced to one thousand dollars, from which the appellant appeals to this court.

It will be observed that the president of the appellant company did not question the right of the board to assess the company upon one thousand dollars, moneys and credits, and that the appeal to the district court was from the action of the board refusing. to reduce the assessment to that sum. Mr. Phelps testifies that he gave in one thousand dollars and signed the affidavit, but did not notice what it was on; that he made no objection to a one thousand dollar assessment. "I was willing to pay on one thousand dollars at that time, provided we could do so without trouble." It does not appear that Mr. Phelps's consent to an assessment on one thousand dollars, as expressed to the assessor and to the board, was based upon any condition. Having thus consented to an assessment in the sum fixed by the district court, we think it is now too late for the appellant to raise the question of its liability to any assessment; and therefore the judgment of the district court should be AFFIRMED.